[Sac. No. 736.   Department One.—December 14, 1900.]

E. L. HAWK, Appellant, v. O. L. BARTON, Respondent.

CONTRACT TO PAY JUDGMENT—ASSIGNMENT OF CONTRACT AND JUDGMENT— ACTION BY ASSIGNEE—STATUTE OF LIMITATIONS.—An action by the assignee of a written contract by which the defendant agreed, in consideration of the transfer of a mine to him by plaintiff's assignor, to pay a judgment against such assignor in favor of a third person, who also assigned the judgment to the plaintiff, does not rest upon the judgment, but upon the written contract, and is not barred by the lapse of five years from the entry of the judgment, if commenced within four years from the date of the contract.

ID.—CONTRACT NOT ONE OF INDEMNITY—ORIGINAL PROMISE.—The contract to pay the judgment in consideration of the transfer of the mine is not one of indemnity, but is an original promise upon which an action may be brought by the owner both of the contract and judgment, without having first, or at all, to look to the judgment debtor.

ID.—ACTION UPON CONTRACT— DEMURRER AS TO LIMITATION OF JUDGMENT—QUESTION NOT PRESENTED.—In an action upon the written contract, to pay the judgment, a demurrer improperly pleading the limitation of five years applicable to an action upon a judgment does not present the question whether the defendant can, by proper plea, urge against his liability on the contract that the judgment was barred before it was assigned to the plaintiff.

APPEAL from a judgment of the Superior Court of Sacramento County.   Matt. F. Johnson, Judge.

The facts are stated in the opinion.

White & Seymour, for Appellant.

A. J. Bruner, for Respondent.

CHIPMAN, C.—Action on a contract. Defendant demurred to the complaint for insufficiency of facts, and also for the reason that the action is barred by section 336 of the Code of Civil Procedure. Defendant had judgment, from which plaintiff appeals. The complaint alleges that on May 12, 1890, one Matthew Lennox obtained a deficiency judgment for the sum of six hundred and twenty-eight dollars and sixty-six cents, arising out of a foreclosure suit, against one W. P. Harlow, and that the said judgment is unsatisfied, unpaid, and unreleased; that on May 16, 1893, defendant herein entered into a written contract with Harlow which recites that defendant, on December 12, 1892, had agreed to purchase a certain mine known as the Harlow mine, situated in Placer county, for the consideration of fifteen thousand dollars, and that since said contract of purchase, to wit, on said May 16, 1893, Harlow had delivered to defendant a deed to said mine duly executed and acknowledged. The contract then reads: "Now, as part of the consideration for said deed, the undersigned agrees and binds himself as follows to the said W. P. Harlow: 1. To pay and satisfy a certain judgment in favor of Matthew Lennox against W. P. Harlow for the sum of six hundred and twenty-eight dollars and sixty-six cents, said judgment in superior court of El Dorado county, dated May 12, 1890." The contract then sets forth certain other payments agreed to be made by defendant, not necessary to be stated here. The contract is signed "O. L. Barton." Harlow assigned this contract to plaintiff December 12, 1895. The complaint also avers that Lennox assigned his interest in the judgment to plaintiff on July 7, 1896, and it is alleged that no part of the judgment has been paid, but the whole thereof is due and unpaid; that defendant was notified by plaintiff of said assignments before this action was commenced and demand made upon him to pay and satisfy said judgment, but that defendant refused, and still refuses to pay the same or any part thereof.

There is no brief for respondent, and we are not advised as to the grounds on which the demurrer was sustained. The complaint was filed October 12, 1896, less than four years from the date of the agreement of defendant to pay the judgment.

The five years statute, section 336, relates to judgments, and

we suppose defendant's notion was that the action rested on the judgment and not on the contract. In this we think he erred. The action was founded on a written contract and was not barred. (Code Civ. Proc., sec. 337.) We can only surmise the remaining ground upon which the demurrer was sustained—namely, that the contract was merely one of indemnity. But by its terms it was plainly an agreement to pay and satisfy a certain judgment for a certain sum of money the full consideration for which defendant had received. Plaintiff is the owner and holder of both the judgment against Harlow and the agreement of Barton to pay it. Plaintiff may look to defendant, whose performance would have the effect to discharge the judgment; he is not bound to look first, or at all, to Harlow, the judgment debtor, for he holds Barton's written agreement executed for a good and valuable consideration to pay this judgment.

Whether Barton can by proper plea show that he is discharged from liability on his contract for the reason that the judgment against Harlow was barred when assigned to plaintiff is a question not raised by the demurrer since the action is on Barton's contract, and not on the Lennox-Harlow judgment, and the only statute pleaded is that relating to judgments.

We advise that the judgment be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Van Dyke, J., Garoutte, J., Harrison, J.