[Civ. No. 6535. First Appellate District, Division One.—January 26, 1929.]

WALTER WECK, Appellant, v. GUSTAVE SUCHER et al., Respondents.

Carl W. Mueller for Appellant.

H. M. Anthony for Respondents.

KNIGHT, J.—Plaintiff appeals from an order granting defendants' application to be relieved from a default in failing to answer plaintiff's complaint. One of the grounds urged for reversal is that in granting said application the trial court abused its discretion.

The facts set forth in the affidavits filed by defendants in support of their application were not controverted and may be stated as follows: The summons in the action was served on defendants on March 11, 1927, and consequently the statutory ten-day period within which they were required to appear and answer the complaint expired on March 21, 1927.

The answer was in fact filed the following morning about 10:30 o'clock by defendants' attorney, but default had already been entered. The answer had been prepared and verified, and was ready to be filed within the statutory time, but was not presented for filing until the day following because of a mistaken belief on the part of defendants that the summons had been served upon them on March 12, 1927; and said attorney did not learn of the mistake until he called at the county clerk's office on the morning of March 22, 1927, to file said answer.

In *Brasher* v. *White*, 53 Cal. App. 545 [200 Pac. 657], and *Reidy* v. *Scott*, 53 Cal. 69, the facts were substantially the same as those presented here, and in each case the trial court refused to vacate the default; but on appeal the order of refusal was reversed, the court holding that the defaulting party was entitled to have the default set aside.

■ Plaintiff in support of his position has cited a number of cases to the effect that forgetfulness and like instances of inexcusable neglect on the part of a defaulting party or his attorney are insufficient grounds upon which to base an order vacating the default, but we do not deem those cases in point for the reason that here the facts show that within three days after being served with the summons, defendants consulted their attorney and laid before him all of the facts of the controversy; and thereupon said attorney prepared an answer, had it verified, and was ready to file the same before the end of the ten-day period; but, as stated, owing to the fact that he had been mistakenly informed by his clients as to the date of the service, he believed that the statutory period for filing the same did not expire until March 22, 1927. Therefore, as held in the two cases hereinabove cited, the failure to answer within the period fixed by the statute cannot be said to be the result of indifference or lack of diligence on the part of the defendants or their attorney, but was due solely to the mistake on the part of the defendants as to the date of the service of the summons.

■ Aside, however, from the controlling effect of the two cases above mentioned, the law in this state is well established that only in very plain cases of abuse of discretion may the courts of appellate jurisdiction disturb the action of a trial court in a matter of this character; and especially

is this so where the relief is granted, after having been promptly sought, and it does not appear that the plaintiff has sustained any prejudice thereby (*County of Los Angeles* v. *Lewis,* 179 Cal. 398 [177 Pac. 154] ; *Berri* v. *Rogero,* 168 Cal. 736 [145 Pac. 95]). The policy of the law is, say the courts, that every case should be heard on its merits, and finally decided in consonance therewith; and that therefore a broad discretion is vested in courts of original jurisdiction in removing such obstacles and impediments as tend to prevent a full and fair hearing; and that a default inadvertently permitted in a cause by a party having a substantial defense, presents a case in which great latitude should be extended to the trial court in setting the default aside (*Hitchcock* v. *McElrath,* 69 Cal. 634 [11 Pac. 487]). The case of *Brasher* v. *White, supra,* restates the rules as follows: "In *Mitchel* v. *California etc. S. S. Co.,* 156 Cal. 576, 578, 579 [105 Pac. 590], the court in reversing an order denying defendant's motion for relief under section 473, said : 'The tendency of this court has always been to relieve parties from their defaults and mistakes, upon proper showing, to the end that matters may be heard upon the merits. Treating of this subject and particularly of the interpretation of section 473 of the Code of Civil Procedure, the following language was used by this court in *Nicoll* v. *Weldon,* 130 Cal. 667 [63 Pac. 64] : "Section 473 . . . is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. (*Buell* v. *Emerich,* 85 Cal. 116 [24 Pac. 644] ; *Harbaugh* v. *Honey Lake etc. Water Co.,* 109 Cal. 70 [41 Pac. 792] ; *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932].) It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear ; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor

by the terms which the court would impose as a condition to granting the motion." ' In addition to the authorities above mentioned, we cite the following upon the proposition in hand: *Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 479, 483 [82 Pac. 53]; *O'Brien* v. *Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004]; *Watson* v. *San Francisco & Humboldt Bay R. R. Co.,* 41 Cal. 17; *Grady* v. *Donahoo,* 108 Cal. 211 [41 Pac. 17]; *Jergins* v. *Schenck,* 162 Cal. 747, 748 [124 Pac. 426]."

█ The record in the case before us discloses that on the very day the default was entered defendants served and filed the necessary moving papers to set the default aside, and that the motion made in that behalf was speedily heard and determined; and defendants were required to pay the costs. Moreover, there is no claim made that the slight delay caused by the proceeding in any way affected plaintiff's opportunity to establish his case on trial. The record also shows that defendants are not seeking to defeat plaintiff's action upon technical grounds, but are interposing a meritorious defense. With respect thereto it appears that plaintiff is suing to recover $2,500, the complaint alleging in two counts that defendants, as plaintiff's agents, received from plaintiff $2,000 and household furnishings of the value of $500, which, the complaint alleges, they agreed to return on demand, but failed so to do. The answer reveals that said claim grows out of the sale of an apartment house business, and the substance of the defense pleaded therein is that a full and final settlement has been had between the parties, and that consequently there is nothing whatever due plaintiff. In the foregoing state of the record it is evident that no substantial grounds exist upon which to base a conclusion that the trial court abused its discretion in allowing the case to be tried on the merits.

█ Further contention is made that the moving papers and the order based thereon relate exclusively to the matter of vacating the judgment rendered by the court and consequently do not affect the default entered by the clerk. Plaintiff did not question the scope of the motion at the time it was presented and determined, the bill of exceptions reciting merely that he appeared and opposed the granting of the motion upon the grounds of an insufficient showing under section 473 of the Code of Civil Procedure. However,

even assuming that he may do so now, we find no merit in the point because the terms of said motion and the contents of the documents attached thereto adequately apprised plaintiff that defendants were seeking to obtain complete relief under section 473 from the effect of their default, and in our opinion the order subsequently made by the court pursuant to said motion is legally sufficient, in form and substance, to grant such relief.

The order is affirmed.

Tyler, P. J., and Cashin, J., concurred.