[Civ. No. 14522. First Dist., Div. Two. Feb. 13, 1951.]

AIRLINE TRANSPORT CARRIERS, INC., Respondent, v. GEORGE BATCHELOR, Appellant.

Christin, Keegan & Carroll and Charles A. Christin for Appellant.

Perry H. Taft for Respondent.

SCHOTTKY, J. pro tem.— On March 31, 1949, respondent filed an amended complaint in the city and county of San Francisco to recover judgment against appellant for money had and received for the use of respondent. Service of summons was made upon appellant in the county of Los Angeles on April 11, 1949. Clerk's default was entered on May 13, 1949. On July 7, 1949, a default judgment was entered against appellant. On September 30, 1949, appellant served and filed a notice of motion to set aside the default judgment on the grounds of surprise, inadvertence and excusable neglect. With said notice appellant also served and filed his answer, the affidavit of his counsel, and his own affidavit in which appellant prayed for leave to plead to the complaint.

On October 24, 1949, the motion was heard and granted by the court and the following minute order was entered by the clerk: "In this action respective counsel being present, and the court orders the motion to set aside and vacate judgment by default be granted as to defendant, George Batchelor, said defendant to file bond in the sum of $3,000 within five days."

On November 17, 1949, counsel for appellant was served with an order to show cause why judgment should not be entered, and judgment forthwith issued against said bond on the ground that the default entered on May 13th had not been set aside.

On December 3, 1949, appellant served and filed a notice of motion to correct the said minute order and said motion and the order to show cause were heard by the court. On December 22, 1949, the court denied the motion to correct the minute order, ordered appellant's answer stricken from the files, ordered that judgment be entered against appellant

and that execution issue upon appellant's cash bond. Judgment was accordingly entered and execution issued, and this appeal is from the order denying the motion to correct the minute order, the order granting the order to show cause why judgment should not be entered, and the judgment.

Appellant contends that under section 473 of the Code of Civil Procedure, when a motion to set aside a default judgment accompanied by a prayer to plead to the complaint is made before the default has become final, and is granted, but relief predicated upon the terms that petitioner file a bond substantially in the amount of the judgment prayed for in the complaint, the order implied that the default is likewise set aside so that the petitioner may plead to the merits.

Appellant quotes the portion of said section 473 which reads: " 'The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. *Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein,* otherwise the application will not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . (Italics added).' " He argues that the requirement that a copy of the pleadings accompany the application for relief shows that the intention of the statute is to permit the petitioner to answer on the merits. He points out that the notice of motion filed in the instant case informed respondent that the motion would be based "on the affidavits of George Batchelor and Thomas J. Keegan and the answer of defendant George Batchelor, which papers are on file herein . . .;" and that the affidavit of appellant referred to the entry of the default, prayed that the judgment entered by default be vacated and that he be allowed to plead to said complaint.

Appellant relies strongly on the case of *Weck* v. *Sucher,* 96 Cal.App. 422 [274 P. 579]. In that case a default was entered upon failure to answer and a default judgment was thereafter entered. Defendant filed a motion to set aside the judgment "upon the ground that said judgment was taken through mistake and surprise and excusable neglect," and filed affidavits in support thereof. After hearing the court made an order that the motion be granted and that "said judgment . . . is hereby set aside, annulled and vacated."

The plaintiff appealed from such order. In its opinion affirming the judgment the court said at page 426:

"Further contention is made that the moving papers and the order based thereon relate exclusively to the matter of vacating the judgment rendered by the court and consequently do not affect the default entered by the clerk. Plaintiff did not question the scope of the motion at the time it was presented and determined, the bill of exceptions reciting merely that he appeared and opposed the granting of the motion upon the grounds of an insufficient showing under section 473 of the Code of Civil Procedure. However, even assuming that he may do so now, we find no merit in the point because the terms of said motion and the contents of the documents attached thereto adequately apprised plaintiff that defendants were seeking to obtain complete relief under section 473 from the effect of their default, and in our opinion the order subsequently made by the court pursuant to said motion is legally sufficient, in form and substance, to grant such relief."

Respondent, in reply states that *Weck* v. *Sucher* "has no bearing on the issues herein because it involved a motion to set aside default rather than the more restricted notice of motion to set aside a default judgment involved in the instant case." We have examined the transcript in the cited case and find that respondent's statement is in error, and that the motion and order in that case were as hereinbefore set forth.

Respondent argues that "if a default has been entered and a default judgment has been rendered, two separate and distinct proceedings have occurred" and that "application for relief therefrom would consequently require a Notice of Motion reaching both the default itself and the default judgment."

Respondent cites the case of *Title Insurance & Trust Co.* v. *King Land & Improvement Co.*, 162 Cal. 44 [120 P. 1066] which was a case in which appeals were taken from an order denying several motions of the appealing defendants to set aside a judgment and to relieve them from a default entered against them. The motion to set aside the judgment and default was made more than a year after the entry of the default and nearly three months after the entry of the judgment. The Supreme Court in affirming the order pointed out that more than six months had elapsed since the entry of the

default and that said default could therefore not be set aside, and then stated that it would therefore be of no avail to set aside the judgment.

Respondent also cites *Brooks* v. *Nelson,* 95 Cal.App. 144 [272 P. 610], which also was an appeal from an order refusing to vacate a default judgment. In that case the default of defendant was entered by the clerk on November 29, 1924. On February 11, 1925, the defendants made a motion to set aside the default which was denied. On June 19, 1925, judgment by default was rendered by the court and on July 14, 1925, defendants made a motion, under section 473 of Code of Civil Procedure, to vacate and set aside the judgment which motion was denied. In affirming the order the appellate court said that the date of the entry of the default and not the entry of the judgment fixed the beginning of the six months within which application for relief for default must be made under said section 473, and that "Therefore, if the motion made on July 14, 1925, be considered a motion to vacate the default, as well as the judgment, it is clear that it was made too late.

"The setting aside and vacating the judgment alone, which was all the relief sought in said motion, would have been an idle act, because the default, entered on November 29, 1924, would have stood undisturbed. The default cut off defendants from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand."

Prior to the oral argument counsel for respondent addressed a letter to the court calling attention to the recent case of *Howard Greer Custom Originals* v. *Capritti,* 35 Cal.2d 886 [221 P.2d 937], which also was an appeal from an order denying a motion to set aside a default judgment. In that case a default was entered against defendant and he then moved to set aside the default on the ground of "mistake and surprise." The motion was denied and judgment was rendered against him. He then filed notice of motion to have the judgment set aside upon the ground that it was taken against him "through inadvertence and surprise," and this motion was, after hearing, denied by the court. In affirming the order the Supreme Court said:

"The only order sought to be reversed by this appeal is the one denying defendant Capritti's motion to set aside the default judgment. Neither that motion nor this appeal is an attack upon the entry of default or the order refusing to set it aside.

"It is apparent that even if the judgment were now vacated, such action would be abortive. The entry of default, from which Capritti does not seek relief by this appeal, stands of record against him and entitles the Greer Company to a judgment upon its complaint."

The court then went on to quote the language hereinbefore quoted from *Brooks* v. *Nelson.*

It will be noted that in the first two cases cited by respondent the motion to set aside the judgment was made more than six months after the entry of the default, and in *Brooks* v. *Nelson, supra,* the motion to set aside the judgment was not only made more than six months after the default was entered, but was also made after an earlier motion to set aside the default had been denied. In the Greer case the motion to set aside the judgment was made and denied after a motion to set aside the default had been made and denied. Both motions were based on the same grounds. The appeal was from the order denying the motion to set aside the judgment and there was no appeal from the order denying the motion to set aside the default. We believe that each of these three cases is distinguishable on their facts from the instant case and that they are not determinative of the issue upon this appeal.

We believe that the case of *Weck* v. *Sucher, supra,* is closely in point with the instant case. We believe that to use the language of that case, "the terms of said motion and the contents of the documents attached thereto adequately apprised plaintiff (respondent) that defendant (appellant) was seeking to obtain complete relief from the effect of his default." We believe further that when the court ordered that the motion to set aside and vacate the judgment by default, and required that a bond in the sum of $3,000 be filed by appellant the court intended to grant appellant complete relief from said default. Otherwise, it would appear that both the court and respondent were seeking to entrap appellant into filing a bond without any benefit to himself and to lull him into a sense of false security until the six months' period from the entry of the default had expired. We are convinced that the court had no such intention but that the court after it had considered the affidavits in support of the motion intended to vacate the default along with the default judgment. And if respondent had any such intention and did not raise the point at the time the motion was heard, he should not be permitted to urge it now. The practice of the

law should not be considered a game or a mere battle of wits but should be regarded as a means to promote justice. The law would indeed be impotent if a motion such as the one in the instant case made within the six months' period, could be argued on the basis of whether or not appellant, because of surprise, inadvertence and excusable neglect should be relieved of his default, and then after said motion is granted by the court, as was done in this case, the plaintiff be permitted to have another judgment entered and deprive defendant of a trial upon the merits.

A situation somewhat similar in principle, occurred in the very recent case of *Holden* v. *California Emp. etc. Com.,* 101 Cal.App.2d 427 [225 P.2d 634]. The trial court had made a minute order on December 12, 1949, granting the motion to dismiss the petition for a writ of mandate but said minute order did not recite that it was to be followed by a formal order or judgment. On December 14, 1949, a formal judgment was entered. On December 16, 1949, petitioner filed his notice of appeal, the notice stating that the appeal was from the judgment entered on December 14, 1949. Since the minute order did not provide that it should be followed by a formal order or judgment the appeal should have been taken from the minute order and not from the judgment, and no valid appeal could be taken from the judgment (*Gwinn* v. *Ryan,* 33 Cal.2d 436, 438 [202 P.2d 51]; Rules on Appeal, rule 2(b) (2).) In holding that the appeal would be considered as an appeal from the minute order the court said at page 482:

''Notices of appeal, of course, are to be liberally construed to permit, if possible, a hearing on the merits. It has been held that a misdescription of an 'order' as a 'judgment', or vice versa, will not invalidate a notice of appeal. (*Seven Up etc. Co.* v. *Grocery etc. Union,* 97 Cal.App.2d 623, 625 [218 P.2d 41]; *Crane* v. *Livingston,* 98 Cal.App.2d 699, 702 [220 P.2d 744]; *Kellett* v. *Marvel,* 6 Cal.2d 464, 471 [58 P.2d 649].) An incorrect date in the notice of appeal will not necessarily invalidate it. (*Title Guarantee & Trust Co.* v. *Lester,* 216 Cal. 372, 374 [14 P.2d 297].) Even closer to the present case is *Estate of Stone,* 173 Cal. 675 [161 P. 258], where the notice of appeal referred to a 'judgment on the verdict' entered on a certain date, and the only appealable judgment was one of a later date—in fact, entered four days after the notice of appeal was filed. The court held (p. 677) that, although there was, as here, an incorrect designation of the

proceeding appealed from and a wrong date, the appeal was effective.

"Rule 2(b) was intended to clarify the law for the benefit of practicing attorneys, not to constitute a trap for the unwary or inexperienced. Where it is perfectly apparent, as it is here, that appellant seeks a review of an order of dismissal, and where, as here, the notice of appeal is filed in ample time from either the entry of the order or judgment, and where, as here, the notice of appeal is addressed to all respondents and to their attorneys so that no one. is misled, and where, as here, no prejudice to respondents exists, the notice of appeal should be treated as being from the appealable order even if the notice incorrectly designates the 'order' as a 'judgment', and erroneously gives the date of the entry of the judgment rather than that of the order. It is therefore held that the notice of appeal is effective as to all respondents."

 It is, of course, the policy of the law that every case should be heard on its merits, and as stated in *Nicoll* v. *Weldon*, 130 Cal. 666, 667 [63 P. 63] : "Section 473 . . . is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it."

 We are unable to understand how the trial court, after granting the motion of appellant as hereinbefore set forth, could grant an order to show why judgment should not be entered. We believe that under all the facts and circumstances of the instant case it was an abuse of discretion on the part of the trial court to grant such order to show cause and to refuse to correct its minute order to conform to the evident intent of granting appellant's motion to be relieved from the default judgment. To hold otherwise would not only in our opinion unreasonably subordinate substance to form and tend to make the law and rules of procedure ridiculous, but would be contrary to both reason and authority. We therefore hold that the trial court erred (1) in denying appellant's motion to correct its minutes, (2) in granting respondent's motion to show cause why judgment should not be entered and (3) in entering said judgment.

The order appealed from, and the judgment, are reversed with directions to the trial court to permit the filing of appellant's answer.

Nourse, P. J., and Dooling, J., concurred.