[Civ. No. 5372.   Fourth Dist.   Mar. 22, 1957.]

HAZEL TAPSCOTT, Appellant, v. BENNIE TAPSCOTT, Respondent.

380

Walter L. Gordon, Jr., for Appellant.

George N. Zenovich for Respondent.

GRIFFIN, J. — Plaintiff filed this action for divorce (cruelty) and served defendant with summons and complaint. He failed to appear and answer. On April 7, 1955, a default was entered. A hearing was then had and an interlocutory decree was entered by default on April 13, granting plaintiff a divorce, awarding her custody of their two minor children (a boy aged 7 and a girl aged 10), support money for them, and the community property.

On May 24, 1955, defendant obtained an attorney, who filed a document entitled "Notice of Motion to Set Aside Default and Award Custody of Children to Defendant." However, in the body of the notice of motion, it only recites that defendant would move to set aside the "default judgment" and permit defendant to file an answer and cross-complaint, and no mention is made of the *default* itself.

It recites that the motion would be based on "this notice, the affidavit of the defendant . . . his verified answer and cross-complaint served herewith." The written motion is similarly entitled "Motion to set aside default" and contains the same statement as set forth in the motion. The affidavit of defendant recites that a default was taken against him by reason of excusable neglect, setting forth the facts and the reasons why the default should be set aside. The minute entry of May 27th shows the motion was argued, and "It is ordered . . . that the default entry and the default judgment . . . be vacated and set aside . . . and defendant granted leave to answer and file a cross-complaint." A written order to this effect followed. Apparently plaintiff then filed an amended

complaint and defendant answered and filed a cross-complaint seeking a divorce on the ground of cruelty. He also sought the community property and custody of the children. Without further objection a trial was had upon the issues thus presented. A divorce was denied plaintiff and granted to defendant on his cross-complaint. A division of the community property was made and the custody of the two children was awarded to defendant with reasonable visitation rights to plaintiff.

On this appeal from the judgment plaintiff claims that the court erred in vacating and setting aside the *default* where no motion was made to set it aside, as distinguished from the default judgment; that although the title indicated it was a motion to set aside the default, the body of the motion was directed toward the *default judgment*; that the nature and character of a pleading is to be determined from its allegations, regardless of what it may be called by the parties, and is to be determined by its contents rather than a selected designation; that accordingly the court was without jurisdiction to set aside the default, citing *Sullivan* v. *Compton,* 61 Cal.App. 2d 500 [143 P.2d 357]; *Tomales Bay Oyster Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968]; *Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675]; and section 585 Code Civ. Proc.

We see no merit to this argument, under the circumstances here related. A similar point was urged in *Weck* v. *Sucher,* 96 Cal.App. 422, 426 [274 P. 579]. The court there said:

"Plaintiff did not question the scope of the motion at the time it was presented and determined, . . . even assuming that he may do so now, we find no merit in the point because the terms of said motion and the contents of the documents attached thereto adequately apprised plaintiff that defendants were seeking to obtain complete relief under section 473 from the effect of their default, and in our opinion the order subsequently made by the court pursuant to said motion is legally sufficient, in form and substance, to grant such relief."

To the same effect are *Airline Transport Carriers, Inc.* v. *Batchelor,* 102 Cal.App.2d 241 [227 P.2d 480]; *Lencioni* v. *Dan,* 128 Cal.App.2d 105 [275 P.2d 101]; and *County of Los Angeles* v. *Lewis,* 179 Cal. 398 [177 P. 154].

The next claim is that the court erred in awarding the custody of the children to the father after it had been previously awarded to the mother, and where there had been no adequate showing or finding of change of conditions, citing such authority as *Washburn* v. *Washburn,* 49 Cal.App.2d 581

382

[122 P.2d 96]. The principle there stated is not applicable since the original decree awarding custody was vacated and set aside. The question of their custody and what was for the best interests of the children was a factual question for the determination of the trial judge. ■ The bestowal of the custody of minor children in a divorce action is not an adjudication of the fitness of the parent who is for the time denied the right to obtain possession of the children. It is nothing more than the expression of the court's belief, under the circumstances then existing, that the welfare of the children will be best served by placing them with one parent rather than with the other. ■ Section 138 of the Civil Code does not give the mother of a child of tender years the absolute right to its custody, but leaves a large measure of discretion with the court, and it has a broad discretion in determining whether other things are equal within subdivision 2 of that section. ■ It is not necessary that an order modifying a custodial decree should contain a finding as to unfitness of the parent from whose custody it is taken. ■ Every presumption supports the reasonableness of the decree fixing the custody of the children. (*Bush* v. *Bush,* 81 Cal.App.2d 695 [185 P.2d 38]; *Clayton* v. *Clayton,* 117 Cal. App.2d 7 [254 P.2d 669]; *Exley* v. *Exley,* 101 Cal.App.2d 831, 835 [226 P.2d 662]; *Runsvold* v. *Runsvold,* 61 Cal.App. 2d 731 [143 P.2d 746].) The court's finding in awarding custody of the children to the father is supported by the evidence.

■ The next argument is that the trial judge erroneously considered the probation officer's report and recommendation and the testimony and opinion of the staff psychologist of said probation department and did not act on the competent evidence before him in making this determination. An examination of the record does not so indicate. The trial judge did take considerable evidence on this subject, not only from the parties themselves, but others. He showed more than an ordinary interest in the children's future welfare. He refused to submit the matter without argument and made arrangements to interview the children himself. He ordered, by agreement of the parties, a reference of this subject to the probation officer and his staff to make an investigation of the home, the surroundings, to interview the children and parents, and to report as to the present ability of the parties to care for the children. It was agreed between counsel for the respective parties that such a report would be made and

they were to be furnished a copy of it; and that counsel for either side could cross-examine the author of the report as to any statement made therein. This was done and the witness gave a detailed explanation of it. It apparently was stipulated that these reports, after being filed, could be "considered" by the court subject to cross-examination of the author.

This case was subsequently argued and, as far as the record is concerned, no question was raised as to these reports or their contents until after the appeal was perfected. Regardless of the reports, there was sufficient evidence to justify the custody order entered.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.