[Civ. No. 9236.   Third Dist.   May 2, 1958.]

NOMELLINI CONSTRUCTION COMPANY (a Corporation), Appellant, v. C. E. DEANE et al., Defendants; J. P. PHILLIPS et al., Respondents.

Robert E. Lee for Appellant.

Hill & Hill, Clayton O. Rost and Clayton R. Janssen for Respondents.

PEEK, J.—Plaintiff appeals from the orders of the trial court setting aside the defaults of the defendants Kerr and Phillips and the judgments which were entered pursuant thereto.

The facts and circumstances giving rise to this proceeding may be summarized as follows: A truck owned by plaintiff was involved in an accident with a truck operated by the defendant George S. Kerr. Thereafter a complaint was filed by plaintiff in which C. E. Deane, J. P. Phillips and Kerr were named defendants. The complaint alleged that Kerr was the operator of the vehicle that collided with plaintiff's truck and that Deane and Phillips were the owners of the same. Deane answered and is not a party in this present proceeding. Neither Phillips nor Kerr answered or otherwise appeared in response to the complaint. Thereafter their defaults were taken and judgments in accordance therewith were entered against each. Subsequently a stay of execution was ordered, and shortly thereafter Kerr and Phillips filed motions to set aside the default judgments. Following the hearing which was held upon the affidavits of the parties and the oral arguments of their counsel, the court entered its orders setting aside the defaults and the default judgments and this appeal followed.

The affidavit of Kerr in support of his motion showed that following the accident he was contacted by a Mr. O'Brien, an adjuster for the Colonial Insurance Company. Thereafter Kerr made a personal report to the company at its office in San Francisco. Kerr was informed by Colonial that in the event he was sued, or any other problem arose in connection with the accident he should contact its representative, Mr. O'Brien. Within ten days from the time he was served, he gave the summons and complaint to O'Brien pursuant to Colonial's instructions. O'Brien advised him that he would attend to the matter. However Colonial did not in fact appear for nor defend Kerr. He heard nothing from anyone, including Colonial or any of its representatives, until after the default judgment had been taken against him. Immediately upon discussing the matter with Attorney Rost of Eureka, he signed an affidavit in support of his motion to set aside his default, which motion was thereafter filed.

It is undisputed that Kerr was led to believe, if not actually told, that Deane's insurance carrier would defend him. In fact the carrier and its agents contacted and instructed him both before and after he was served, and in reliance upon such advice he took no further steps in the matter.

██ ''On appeal from an order granting relief, under section 473 of the Code of Civil Procedure, it will be presumed that the trial judge believed the statement of facts as presented by the moving party and if any doubt exists it should be resolved in favor of the application to set aside the order to the end of securing a trial on the merits of the case.'' (*Raines* v. *Damon*, 89 Cal.App.2d 812, 816 [201 P.2d 886].)

██ Gauged by the quoted rule, it cannot be said that the facts set forth in Kerr's affidavit were insufficient to support the order of the court. (See *Newton* v. *De Armond*, 60 Cal. App. 231 [212 P. 630].) In the absence of a clear showing of an abuse of discretion, an order granting relief under said section will not be reversed on appeal.

While it may be said that the case as presented by Phillips is not as strong as that of Kerr, nevertheless we are constrained to hold that in this instance the court likewise did not abuse its discretion in granting the motion to set aside the default. According to Phillips he was not the owner of the truck, did not believe he was a party defendant in the action, and relied upon Deane's statement that Deane's insurer would defend him. Prior to March 30, 1956, he believed his interests would be protected by Deane's insurer. He did not recall that Deane's attorney, Mr. Low, advised him that Deane's insurer would not defend him or that he should turn the matter over to his own insurer. Due to the fact that he was away from his home and office during February and March, except for a few hours each week, he did not open the letter of February 9 from Deane's attorney advising him that Deane's insurer would not defend him. Upon receipt of Mr. Low's letter of March 30 he immediately forwarded the letters and copies of the complaint to the insurer.

For the reasons heretofore set forth we cannot say that this court would be warranted in reversing the orders of the trial court.

The orders are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.