[Civ. No. 18161. First Dist., Div. One. June 16, 1959.]

ROMER, O'CONNOR AND COMPANY, INC., Appellant, v. J. F. HUFFMAN, Respondent.

Romer & Brown for Appellant.

Jay Pfotenhauer for Respondent.

HANSON, J. pro tem.*—This is an appeal by the plaintiff from an order which set aside the entry of a default by the clerk and a default judgment entered thereon by the court. It is urged that the trial court abused its discretion in granting such relief under the provisions of section 473 of the Code of Civil Procedure.

At the outset the plaintiff-appellant contends that the

*Assigned by Chairman of Judicial Council.

motion of the defendant as filed on April 12, 1957, sought only that the default judgment be set aside and not the default which had been entered by the clerk and, hence, the court erred and abused its discretion in setting aside the clerk's entry of default along with the default judgment and in granting leave to file the answer which was tendered. Moreover, the plaintiff contends it was error to do so in view of the further fact that the court had denied a supplemental motion filed by defendant on May 28, 1957, to amend the original motion, so as to include therein *nunc pro tunc* that the entry of default be likewise set aside, as well as the default judgment.

We proceed now to state the salient facts which gave rise to the controversy before us.

It appears that the plaintiff's assignor under a written contract with the defendant consigned goods to the defendant for resale pursuant to certain restrictions and conditions set forth in the written contract. On January 21, 1955, an action was filed to recover the sum of $19,362.71, on a book account, and for alleged breach of that contract; an amended complaint was duly filed on November 30, 1955; on January 17, 1956, the plaintiff filed a bill of particulars; on March 8, 1956, the trial court denied a motion of a third party who entered the case as an intervenor. The defendant never filed an answer and this apparently was due in part to the fact that four different written stipulations, and several oral stipulations extending the time to answer, were entered into by the counsel for plaintiff and by the counsel for defendant. Moreover, during the summer of 1956, the parties' counsel entered into extensive negotiations with a view to settlement. In the month of July 1956, counsel for defendant prepared an answer for filing, but further negotiations were carried on with the result that the answer was not filed. After August 4, 1956, no further negotiations were had.

On October 15, 1956, the clerk entered a default, and on October 16, 1956, the court signed and filed a default judgment for the amount prayed for in the amended complaint, notwithstanding that Miller, counsel for plaintiff, had conceded in the course of the negotiations that certain credits were due to the defendant that would reduce the demand of appellant. These proceedings were not discovered by counsel for defendant until February 26, 1957, whereupon he immediately communicated with Miller, a member of the Romer law firm with whom he had dealt exclusively, requesting a

stipulation to set aside the default judgment. Miller stated he was not in a position to enter into such a stipulation, that he had been removed from the active handling of the file in September, and that the "file had been undertaken" by another member of the Romer firm who was accountable for the action taken. Thereupon counsel for defendant informed Miller that the defendant was in Europe and the Middle East on business and that he, counsel, was having difficulty in communicating with him, but that he would make further efforts to do so shortly. Nevertheless, as defendant's counsel had not heard from defendant in response to letters and cables sent to him, he filed the motion on April 12, 1957, to set aside the default judgment and supported it with his own affidavit, accompanied by the answer which had been signed by the defendant in July 1956. Five days after the motion was filed, counsel for defendant received a letter from defendant dated April 14 advising him to go ahead and file the motion, and also explaining the reason why affiant had not been able to communicate with him; i.e., that defendant had been traveling about on business in many countries in *Europe and the Middle East and affiant's communications had reached him only with difficulty*. According to the supplemental affidavit of defendant's counsel he had an oral stipulation with Miller that no judgment or action would be taken against the defendant without prior notice to counsel for defendant and in sufficient time to enable affiant to file an appearance.

The foregoing facts, gleaned from the affidavits of counsel for defendant which the court was entitled to believe, were not contradicted in the affidavit of Miller except that he stated in his own affidavit that during the summer of 1956 he made several oral requests to counsel for defendant that he file an answer and appear in the case and that the response to these requests was that it would be attended to shortly. Likewise Miller in his affidavit stated that he was "removed from active handling of this file [the case] some time in September 1956. . . ."

The time elapsing between the entry of default and the filing of defendant's moving papers was five months and twenty-six days.

On May 28, 1957, defendant filed a motion to amend his first motion (of April 12, 1957) so that the original motion would provide *nunc pro tunc* for the setting aside of not only the default judgment (October 16, 1956) but also the setting

aside and vacating of the default (entered by the superior court clerk on October 15, 1956).

Upon the records, files, and affidavits of the parties, and upon the argument of counsel, the court ordered on September 18, 1957, that both the default and the default judgment entered in favor of the plaintiff be set aside and granted the defendant leave to file the answer that had been submitted with the original motion. The court further ordered that the defendant's motion of May 28, 1957, for an amendment *nunc pro tunc* of his original motion be denied.

Appellant's first contention is that the trial court abused its discretion in setting aside the default judgment of October 16, 1957.

The granting or denying of a moton to set aside a default judgment is within the sound discretion of the trial court (see, e.g., *Gore* v. *Witt,* 149 Cal.App.2d 681 [308 P.2d 770]), and generally, since the code section allowing such a motion, Code of Civil Procedure, section 473, is a remedial measure and to be liberally construed (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148]; *Estate of Strobeck,* 111 Cal.App.2d 853, 858 [245 P.2d 317]), any doubts existing as to the propriety of the trial court's action will be resolved in favor of a hearing on the merits. (*Beckley* v. *Reclamation Board,* 48 Cal.2d 710, 718 [312 P.2d 1098]; *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 525-526 [190 P.2d 593]; *Nomellini Construction Co.* v. *Deane,* 160 Cal.App.2d 57, 59 [324 P.2d 654]; *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 614 [301 P.2d 426].)

Further, as in any other case, the trial court's determination of the facts as found from the affidavits of the parties will be conclusive upon the appellate court (*Nomellini Construction Co.* v. *Deane,* 160 Cal.App.2d 57, 59 [324 P.2d 654]), but if the facts as stated in the moving party's affidavit do not constitute valid grounds for the relief sought, the trial court's action in setting aside the default will be reversed (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523 [190 P.2d 593]; *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610 [301 P.2d 426]). Hence the question narrows to whether or not the facts stated in the affidavit of defendant's counsel show reasonable grounds for setting aside the default judgment.

In substance the affidavit alleges that after the original complaint and the filing of the amended complaint the defendant's counsel and the plaintiff's counsel were engaged in rather extensive negotiations in an effort to settle the case;

that numerous stipulations, both written and oral, for the extension of time in which to appear and answer were entered into. Thereafter, without the knowledge of the defendant's counsel and without his having received notice or a demand to file an answer, one of the counsel for the plaintiff, other than the counsel with whom defendant's counsel had been negotiating, sought and obtained the entry of a default judgment. ■ That these allegations are sufficient is seen from the following language by this court in the Yarbrough case: "There can be no doubt that a trial court may find excusable neglect or surprise where settlement negotiations are being had between counsel, and where there is an oral or implied understanding that no default will be taken without notice, and counsel takes such a default without notice. [Citations.]" (144 Cal.App.2d at 616.)

In *Beard* v. *Beard*, 16 Cal.2d 645, 648 [107 P.2d 385], the court said: "In the present case the trial court found that there was a sufficiently reasonable excuse to justify the setting aside of the default judgment, apparently on the basis of respondent's allegation that the continued negotiations . . . had lulled the respondent's attorney into a sense of security. This exercise of discretion presents no apparent abuse to justify interference by this court."

■ So too in this case it cannot be said that the trial court abused its discretion in granting the relief sought under the allegations of counsel for defendant. After a long period of negotiation, along with numerous oral and written stipulations for extensions of time, defendant's counsel might well have been lulled into a sense of security, and, in any event, could have at least expected some notice upon the part of plaintiff's counsel before a default was entered.

■ The next contention of the appellant is that the trial court abused its discretion in vacating the default judgment because the defendant waited too long from the discovery of the default judgment until filing his motion to set it aside.

■ Although the excuse for failing to answer and appear within the time allowed by law might be legitimate, if a party after discovery of the default should fail to act promptly in filing moving papers to set aside the default, he may be precluded from any relief. Thus, in *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593], the party against whom the default was taken had what would seem to be a reasonable excuse for failing to answer and appear. However, after discovering the default nothing was done for a period of more

than three months. The court held that *without some explanation for this delay*, no relief could be given under Code of Civil Procedure, section 473. The court, however, was explicit in stating that the delay in filing the motion could be explained. Many cases were cited in which the explanation of the delay was held to be sufficient. These cases were distinguished from the fact situation presented to the court, viz., where the defaulting party had given no explanation for the delay, but they were not disapproved. (31 Cal.2d at 530-531.)

█ In the instant case the defendant alleges in his affidavit that he discovered the entry of the default on February 26, 1957. The record shows that he did not file his notice of motion to set aside the default judgment until April 12, 1957. However, in the defendant's supplemental affidavit in support of the motion, counsel for defendant gives an explanation why he had not acted more promptly upon learning of the delay. After having learned of the default, defendant's counsel immediately attempted to communicate, and did communicate with counsel for plaintiff, and sought to obtain a stipulation setting aside the default. After plaintiff's counsel indicated that such a stipulation could not be entered into by himself (Miller), defendant's counsel informed him that he would attempt to contact his client, defendant in the matter. Attempts were then made by him to contact the client, but to no immediate avail since defendant was on business in Europe and traveling about in many countries. Finally, on April 12, 1957, defendant's counsel went ahead on his own initiative and filed the notice of motion, which action was ratified five days later by letter then received from the defendant.

In view of the strong policy to allow cases to be heard on the merits (*Jones* v. *Title Guaranty & Trust Co.*, 178 Cal. 375, 376-377 [173 P. 586]), it would seem that this explanation is adequate. █ If there are any doubts they should be resolved in favor of the action taken by the trial court: "If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis*, when examined under those rules of law by which Judges are guided to a conclusion, the judgment of the Court below will not be disturbed." (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal. 2d at 526 [190 P.2d 593], quoting from *Bailey* v. *Taaffe*, 29 Cal. 422, 424.)

█ The next contention is that the court erred in granting full relief from both the default and the default judgment.

Appellant claims the trial court particularly erred in ordering set aside not only the *default judgment*, but also the *default* entered by the clerk. The defendant's notice of motion referred only to the *default judgment* in the title thereof, and also in the body of the notice. The defendant's counsel's first affidavit refers only to the default judgment taken against the defendant. The plaintiff's affidavit in opposition, however, refers to both the default and the default judgment: ". . . default and default judgment of defendant Huffman was entered on October 16, 1956. . . ." Defendant's supplemental affidavit refers to both the default and the default judgment. Defendant on May 28, 1957, noticed a motion to amend *nunc pro tunc* his original motion to include the clerk's default entered against him. The court, however, denied this latter motion on September 18, 1957, but worded its order to include not only the default judgment but also the default. It does not appear that plaintiff-appellant made any argument to the trial court with respect to its contention that the trial court's including the default was error.

There is much authority to the effect that an order setting aside a default judgment has the effect of also setting aside the clerk's default absent circumstances showing specifically that it was not the trial court's intention to set aside both. This division of the court in an opinion by Justice Knight in *Weck* v. *Sucher* (1929), 96 Cal.App. 422 [274 P. 579], hearing denied by Supreme Court said: "Further contention is made that the moving papers and the order based thereon relate exclusively to the matter of vacating the judgment rendered by the court and consequently do not affect the default entered by the clerk. Plaintiff did not question the scope of the motion at the time it was presented and determined, the bill of exceptions reciting merely that he appeared and opposed the granting of the motion upon the grounds of an insufficient showing under section 473 of the Code of Civil Procedure. However, even assuming that he may do so now, we find no merit in the point because the terms of said motion and the contents of the documents attached thereto adequately apprised plaintiff that defendants were seeking to obtain complete relief . . . and in our opinion the order subsequently made by the court pursuant to said motion is legally sufficient, in form and substance, to grant such relief."

This court in *Airline Transport Carriers, Inc.* v. *Batchelor*, 102 Cal.App.2d 241 [227 P.2d 480], reaffirmed the Weck case. It was held that the granting of a motion to set aside

a default judgment together with an order to compel defendant to file a bond signified on the part of the trial court an intention to grant the defendant a complete relief from his default, and that therefore, the order was to be construed as also setting aside the clerk's default, even though specific mention of the latter was made neither in the defendant's motion nor in the minute order granting the motion. (See also *Brockman* v. *Wagenbach*, 152 Cal.App.2d 603 [313 P.2d 659].)

In the Weck and the Batchelor cases it is seen that the court held the default entered by the clerk was deemed set aside by the order setting aside the default judgment even though no mention was made to the default itself in either the order or the defendant's moving papers. In this case, no such implication need be made since the trial court expressly ordered the default be set aside. In this respect *Tapscott* v. *Tapscott*, 149 Cal.App.2d 379 [308 P.2d 399], is helpful: "On this appeal from the judgment plaintiff claims that the court erred in vacating and setting aside the *default* where no motion was made to set it aside, as distinguished from the default judgment; that although the title indicated it was a motion to set aside the default, the body of the motion was directed toward the *default judgment*; that the nature and character of a pleading is to be determined . . . by its contents rather than a selected designation; that accordingly the court was without jurisdiction to set aside the default [citations].

"We see no merit to this argument, under the circumstances here related." [Citing and quoting at length from *Weck* v. *Sucher*, 96 Cal.App. 422, 426 [274 P. 579].] (149 Cal.App. 2d at 381.) The court granted complete relief, notwithstanding relief from the default was not mentioned in the body of the moving papers.

There are cases, which appellant vigorously contends are controlling, which hold that there is a distinction between the default entered by the clerk, and the judgment entered pursuant to a default.

These cases and similar ones are distinguished in *Airline Transport Carriers, Inc.* v. *Batchelor*, 102 Cal.App.2d 241, 244-246 [227 P.2d 480], in that in each the entry of the default was a substantial time before the entry of the default judgment, or that in the Capritti case the entry of the default was ruled upon by the trial court prior to its issuing a judgment on the default and denying the setting aside of that

judgment.   █   It is thus seen, that where the default and the default judgment are clearly two distinctive acts and are viewed in that fashion by the trial court, and appear that way factually in the record, that relief granted or denied as to one will not affect the other.   However, where it is not clear that the trial court treated the default and default judgment separately and granted relief as to the default judgment, it is presumed under the Weck case that the trial court intended to grant complete relief, both as to the default and as to the default judgment.   This presumption seems valid and reasonable even under the cases cited by appellant.   It should not be presumed that the trial court intended to do an idle act (see *Brooks* v. *Nelson* (1928), 95 Cal.App. 144 [272 P. 610]; *Howard Greer Custom Originals, Inc.* v. *Capritti* (1950), 35 Cal.2d 886 [221 P.2d 937]), and it should be presumed that if the trial court intended any relief to the defendant it intended to grant him full relief from his default.   █   Here, there is no necessity to employ such a presumption since the trial court in fact did expressly give the defendant complete relief.   Further, it is difficult to see how plaintiff may complain of the relief given, since, by the same reasoning which upholds complete relief where the trial court does not mention both the default and the default judgment, it may be presumed that the defendant in asking for relief from a default judgment, is seeking complete relief.   The plaintiff did not argue in his affidavit in opposition to the defendant's motion that the defendant was not so doing; but, in fact, recited the fact in his affidavit that both a default and a default judgment had been entered.   The principal opposition, of course, was that the defendant had not brought himself within the provisions of section 473 of the Code of Civil Procedure.   The argument that the plaintiff was surprised by the trial court's order because of the fact that the defendant's motion did not specifically refer to the default is answered in two ways.   First, by the presumption mentioned earlier, that if the defendant seeks any relief it must be assumed that he is seeking full relief.   Secondly, it cannot be said that the plaintiff was in fact surprised because of the fact that plaintiff in his affidavit mentioned both the default and the default judgment.   It should also be noted that the defendant's second notice of motion to amend *nunc pro tunc* his first to include the default (filed May 28, 1957), would be enough factually to apprise the plaintiff that the defendant was seeking full relief and not requesting the court to do an idle act.   The order of the

court was not made until September 18, 1957; it certainly must be the fact that the plaintiff had defendant's notice of May 28, 1957, in hand at the time of argument on both the defendant's motions.

The appellant's second argument would thus seem to place more emphasis on form than substance. "The practice of the law should not be considered a game or a mere battle of wits but should be regarded as a means to promote justice," as was said by this court in relation to the plaintiff's contention that the trial court did not rule upon the default but only upon the default judgment. (*Airline Transport Carriers, Inc.* v. *Batchelor,* 102 Cal.App.2d 241, 246-247 [227 P.2d 480].)

Thus, the contention of the appellant that the trial court's order "was in excess [of] and beyond the relief prayed for by respondents" we regard as being without merit.

Order affirmed.

Bray, P. J., and Wood (Fred B.), J., concurred.