Filed 4/11/13  Clay v. AT&T West, Inc. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JEROME A. CLAY, JR., | C069489 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2010-00243385-CU-WT-STK) |
| v. | |
| AT&T WEST, INC., | |
| Defendant and Respondent. | |

Plaintiff Jerome A. Clay, Jr., sued defendant AT&T West, Inc., alleging wrongful termination and infliction of emotional distress.[1]  AT&T West defaulted on the complaint; however, the trial court granted AT&T West's motion to set aside the default.  Later, the court sustained AT&T West's demurrer to Clay's complaint and dismissed the action.  Representing himself, Clay appeals, contending in his headings that the trial court improperly sustained the demurrer but arguing in the text only that the court abused its discretion in setting aside AT&T West's default.

---

[1]     Defendant asserted in the trial court, through counsel, that its true name is Pacific Bell Telephone Company.  However, following the caption in the case, we refer to defendant as AT&T West.

1

We conclude that (1) the granting of the motion to set aside the default is reviewable on appeal after the dismissal, (2) Clay's opening brief is deficient because it fails to rely solely on matters in the record on appeal, (3) Clay has forfeited any argument about whether the trial court properly sustained AT&T West's demurrer, and (4) the record does not support Clay's argument that the trial court abused its discretion in granting AT&T West's motion to set aside the default.

We therefore affirm.

BACKGROUND

Soon after filing his original complaint, Clay filed an ex parte application for a temporary restraining order to prevent AT&T West from transferring Clay from his employment in Stockton to another job location, apparently in Fresno. He claimed that a transfer would inhibit his ability to retain custody of his daughter and result in not being able to make mortgage payments on his house in Stockton. AT&T West, represented by attorney Glen Turner, opposed the application, and the trial court denied it.

AT&T West failed to file a timely answer to the complaint, so Clay requested entry of default, which the court clerk entered. The court held a hearing on the default judgment but denied the request for default judgment because the statement of damages had not been served on AT&T West.

AT&T West filed an ex parte application for relief from default. In support of the application, attorney Turner filed a declaration stating that he was retained to represent AT&T West. When the trial court denied the application for a temporary restraining order, Clay said to attorney Turner, "I just got the decision. Looks like I'm done here." Based on that statement and his belief that the complaint had not been served, Turner believed Clay was not pursuing the action further. Within days of learning that AT&T West's default had been entered, Turner filed the ex parte application for relief from default.

The trial court granted AT&T West's motion and set aside the default.

2

Thereafter, AT&T West demurred to the complaint, and the trial court eventually sustained the demurrer without leave to amend.

I

*Reviewability*

AT&T West claims that the granting of the motion to set aside default is not reviewable on appeal from the judgment of dismissal. It cites Code of Civil Procedure section 906, which provides for review of intermediate matters after judgment. AT&T West contends the granting of the motion to set aside default is not reviewable because it did not necessarily or substantially affect the judgment.[2] We disagree. If the trial court had not granted the motion to set aside default, Clay would have prevailed. Therefore, the granting of the motion necessarily and substantially affected the judgment.

II

*Statements Concerning Facts and Procedure in Opening Brief*

We acknowledge that Clay is representing himself in connection with this appeal and therefore has not had the formal legal training and experience that would be beneficial in advocating his position. The rules and requirements of civil procedure,

---

[2]    Code of Civil Procedure section 906 states: "Upon an appeal pursuant to Section 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party, including, on any appeal from the judgment, any order on motion for a new trial, and may affirm, reverse or modify any judgment or order appealed from and may direct the proper judgment or order to be entered, and may, if necessary or proper, direct a new trial or further proceedings to be had. The respondent, or party in whose favor the judgment was given, may, without appealing from such judgment, request the reviewing court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment from which the appeal is taken. The provisions of this section do not authorize the reviewing court to review any decision or order from which an appeal might have been taken."

however, apply to self-represented parties the same as they do to parties represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Thus, a self-represented litigant " 'is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

Clay's opening brief on appeal fails in several respects to present reasoned argument supported by appropriate citations to the record and authority. The California Rules of Court require the appellant (Clay) to: (1) present each point separately in the opening brief under an appropriate heading, showing the nature of the action to be presented and the point to be made (Cal. Rules of Court, rule 8.204(a)(1)(B)); (2) provide an adequate record that affirmatively demonstrates error (Cal. Rules of Court, rule 8.120 et seq.); (3) support all appellate arguments with legal analysis and appropriate citations to the material facts in the record (Cal. Rules of Court, rule 8.204(a)(1)(C)); and (4) state the nature of the action, the relief sought, and the judgment appealed from, showing how the error caused a miscarriage of justice (Cal. Rules of Court, rule 8.204(a)(2)(A); Cal. Const., art. VI, § 13). For the most part, Clay's brief fails to comply with these requirements. When an appellant fails to comply with any of these rules, the contentions in the brief are forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239-1240.)

In his opening brief, Clay makes numerous assertions concerning the facts and the proceedings in the trial court. However, he fails to provide record citations for most of those assertions. Indeed, it appears that most of those assertions cannot be supported by citation to the record on appeal. Clay makes claims about what happened leading up to AT&T West's default and later motion to set aside the default. We need not recite these claims here because, to the extent they are not supported by the record, they are without

4

any persuasive value on appeal.  We therefore disregard all factual and procedural claims made by Clay without citation to the record.**3**

Based upon the noncompliant nature of Clay's brief, it would be appropriate for us to entirely disregard his contentions because, for the most part, they have not been (1) clearly presented, (2) supported with proper citations to the record, or (3) supported with citations to applicable legal authority.  In the interests of disposing of the merits of the case fairly, however, we believe it reasonable to address below the arguments we have identified in Clay's opening brief.

### III

### *Sustaining of Demurrer*

As noted above, Clay states in the table of contents and headings that the trial court erred by sustaining AT&T West's demurrer but he does not make that argument in the text of the opening brief.  Accordingly, Clay has forfeited any argument that the trial court erred by sustaining the demurrer.

### IV

### *Granting of Motion to Set Aside Default*

Clay contends that the trial court (1) improperly granted the motion to set aside default under Code of Civil Procedure section 473, subdivision (b) and (2) denied Clay due process.  Neither contention has merit.

A.      *Propriety of Order*

Whether to set aside a default is within the sound discretion of the trial court. (*Romer, O'Connor & Co. v. Huffman* (1959) 171 Cal.App.2d 342, 347.)  "[G]enerally,

---

**3**      Clay appended to his opening brief a document he claims he tried to file in the trial court in opposition to AT&T West's motion to set aside the default.  This document is not a part of the record on appeal and is not a proper attachment under the Rules of Court. (Cal. Rules of Court, rule 8.204(d).)  We therefore disregard it.

5

since the code section allowing such a motion, Code of Civil Procedure, section 473, is a remedial measure and to be liberally construed [citations], any doubts existing as to the propriety of the trial court's action will be resolved in favor of a hearing on the merits. [Citations.] [¶] Further, as in any other case, the trial court's determination of the facts as found from the affidavits of the parties will be conclusive upon the appellate court [citation], but if the facts as stated in the moving party's affidavit do not constitute valid grounds for the relief sought, the trial court's action in setting aside the default will be reversed [citations]. Hence the question narrows to whether or not the facts stated in the affidavit . . . show reasonable grounds for setting aside the default judgment." (*Romer, O'Connor & Co. v. Huffman, supra,* at p. 347.)

"The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any [] resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment . . . unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. . . ." (Code Civ. Proc., § 473, subd. (b).)

Here, AT&T West's attorney, Glen Turner , filed an affidavit attesting to the attorney's mistake in believing that Clay was no longer pursuing the action and that the complaint had not been served. That affidavit was sufficient to support the trial court's order setting aside the default because it explained that AT&T West's default was caused by its attorney's mistake.

Clay, however, attempts to controvert the contents of attorney Turner's affidavit by asserting that there were other facts and that Clay "was prepared to submit a

6

declaration" to that effect. As noted above, we do not grant relief on appeal based on matters not appearing in the record. Therefore, we will not consider Clay's allegations of facts not found in the record.

Accordingly, the record does not support Clay's contention that the trial court erred in granting relief from default based on Code of Civil Procedure section 473, subdivision (b).

B.    *Due Process*

Clay asserts the trial courted violated his due process rights by (1) allowing the hearing on the ex parte application to set aside default go forward even though AT&T West had served the application on Clay only moments before the hearing, (2) ordering the reporter to stop transcribing the proceedings, (3) denying Clay's request for a continuance, and (4) refusing to allow a proper record to be made of the proceedings.

1.    Service of Application

"Parties appearing at the ex parte hearing must serve the ex parte application or any written opposition on all other appearing parties at the first reasonable opportunity. Absent exceptional circumstances, no hearing may be conducted unless such service has been made." (Cal. Rules of Court, rule 3.1206.)

Attorney Turner telephoned Clay on November 29, 2012, at 9:45 a.m., and told Clay that there would be a hearing on AT&T West's ex parte application to set aside the default at 9:15 a.m. the next day. On November 30, attorney Turner personally served the application on Clay. According to the minute order, the court held a hearing on the ex parte application at 9:15 a.m. with Clay present. It heard oral arguments and granted the application.

Clay claims that attorney Turner refused to fax the application to Clay on November 29, and, based on this claim, contends that attorney Turner did not serve the ex parte application at the first reasonable opportunity. Nothing in the record establishes that attorney Turner refused to fax the application to Clay. Furthermore, nothing in the

7

record establishes that Clay made this claim in the hearing before the trial court. Accordingly, the contention is without merit.

### 2. Order to Stop Transcribing

Clay claims, without citation to the record on appeal, that the trial court ordered the court reporter to stop transcribing the hearing on the ex parte application for relief from default. Based solely on this unsupported claim on appeal, Clay contends that the trial court denied him due process. While the record reflects that there was no court reporter for the hearing, it does not establish why there was no court reporter or that Clay requested a court reporter. Furthermore, Clay has made no attempt to use the alternative means for creating a record afforded by the rules of court. (See Cal. Rules of Court, rules 8.134, 8.137, 8.140.) Therefore, his claim that the trial court ordered the court reporter to stop transcribing is without support and the due process contention is without merit.

### 3. Denial of Motion for Continuance

Clay asserts that he requested a continuance of the hearing on the ex parte application to set aside default so that he could file an opposition. There is no record of such request; therefore, Clay's contention that the trial court violated his due process rights by denying the request is without merit.

### 4. Refusal to Allow Record of Proceedings

Finally, Clay asserts that he was denied his right to present evidence. Again, the record is insufficient to sustain this assertion. According to the record, Clay appeared at the hearing and argued against the ex parte application. Nothing in the record establishes that he was denied any right to present evidence. Without being given any support in the record for the contention, we can conclude only that no such evidence exists. The contention is therefore without merit.

Clay's frustration with the process in the trial court is evident in the opening brief. However, we are bound by the rules of appellate review. Because the record on appeal is

inadequate to sustain Clay's contentions, the appeal has no merit and the judgment of dismissal must be affirmed.

## DISPOSITION

The judgment of dismissal is affirmed. AT&T West is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


       NICHOLSON   , Acting P. J.


We concur:


      MURRAY    , J.


      HOCH     , J.