[Civ. No. 17552.   Second Dist., Div. One.   July 31, 1950.]

EVELYN J. CRANE, Appellant, v. RICHARD DAVID LIVINGSTON, Respondent.

Claude L. Welch for Appellant.

Wallace, Cashin & Arrington and Harold J. Cashin for Respondent.

DORAN, J.—A demurrer was sustained to plaintiff's fourth amended complaint without leave to amend, and a judgment of dismissal entered. It is appellant's contention that this complaint which set up three causes of action on the common counts, namely, *indebitatus assumpsit, quantum valebat,* and for money paid, satisfied the requirements for pleading the common counts; hence, that the demurrer should not have been sustained.

The original complaint alleges that Helen Livingston, divorced wife of respondent, died on September 9, 1949, leaving two minor children, "who were in her exclusive control and custody by virtue of a (divorce) decree entered in the State of New York, . . . and that plaintiff herein is a sister of said HELEN LIVINGSTON." Said complaint alleges that at the request of Helen Livingston who was then ill, "plaintiff herein took custody of said children and cared for them," and supported the two children until each became of age,—Ruth Livingston, the daughter, becoming of age October 1, 1940, and the son Richard attaining majority on June 10, 1947. Plaintiff asked judgment against the father in the sum of $12,009.35.

A demurrer having been sustained, an amended complaint was filed to which likewise a demurrer was sustained. A second amended complaint dropped the original charge for support of the daughter and sought to recover $8,123.48 for

the son's maintenance. This was also held demurrable as was a third amended complaint. Thereafter plaintiff came into court with a fourth amended complaint for the same amount, framed in the terminology of the common counts. To this a demurrer was sustained without leave to amend.

The first count of the fourth amended complaint alleges that defendant "was indebted . . . for money paid, laid out and expended by plaintiff for the use and benefit of defendant for the reasonable value of necessaries supplied to the minor child of defendant." The second count alleges defendant's fatherhood, the death of the child's mother, and the furnishing of "necessities of life of the reasonable value of $8,-123.48." The third count makes similar allegations and seeks recovery of the same amount "which was paid for the use and benefit· of defendant."

It is argued in appellant's brief that a cause of action exists and has been properly stated by way of the common counts for the reason that "A promise of a father to pay the reasonable value of necessaries supplied to his child is implied," since there is "a duty of a father to support his minor child"; that when the father does not provide the support and allows another to do so, such other person may compel the father to repay the amount expended for the child's support.

The respondent answers the above contentions by calling attention to the fact that nothing has been alleged in any of the five complaints filed other than voluntary payments made by a relative of the child with no agreement for compensation by respondent father; that "There is no promise implied to pay a relative for support of a child." As authority therefor, respondent quotes section 208 of the Civil Code which provides that "A parent is not bound to compensate the other parent, *or a relative,* for the voluntary support of his child, without an agreement for compensation, . . ." (Italics added.) Among other cases is cited *Blair* v. *Williams,* 86 Cal. App. 676, 680 [261 P. 539], affirming the nonresponsibility "of the father for the support of his children after the entry of an order granting the custody . . . to the mother, either with or without a provision for their maintenance." The Blair case involved an action by a nurse to recover for services rendered in caring for defendant's child.

No discussion of the above mentioned code section, clearly applicable to the present controversy, is found in appellant's briefs. The appellant relies wholly upon the general obligation of a father "to support his child," and observes that "It

would be monstrous if a father could avoid his primary liability merely because the person who keeps his child from becoming a public charge happens to be a relative.'' No cases analogous to the present situation, affirming appellant's position, have been presented.

Under section 208 of the Civil Code, hereinbefore mentioned, and the cases cited, the trial court was correct in holding that no cause of action had been stated. A father's general obligation to support a child is not the question here involved; as to that obligation the law is, as appellant observes, well settled. However, the party seeking to enforce the present claim is neither the child, the child's mother, nor the state. The plaintiff, a relative of the child, stands in no different situation than any other plaintiff advocating an alleged claim against a defendant.

In order to maintain a position entitling plaintiff to proceed with the case it was necessary to set forth a cause of action on either an express or an implied contract. No express contract to repay the plaintiff for the money alleged to have been paid out, or to become responsible for the support furnished, is set forth. To imply such a contract as plaintiff relies upon would amount to a negation of the express provisions of section 208 of the Civil Code.

The fourth amended complaint, couched in the phraseology of the common counts, presents no improvement over the previous complaints. As is said in *Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825], ''Resort to pleading mere conclusions of law in the form of common counts was evidently had to avoid the effect of the verified allegations of fact contained in the original complaint, which the court had held insufficient to state a cause of action, . . . Facts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. Accordingly . . . the court was fully justified in examining and considering the original complaint. . . . So considered, the 'amended' complaint was no better than the original complaint.'' Moreover, it is evident that any further efforts at amendment would be fruitless.

The respondent's brief calls attention to the fact that appellant's notice of appeal specifies that the appeal is ''from the Order of the Court made on June 2, 1940, sustaining Defendant's Demurrer to Plaintiff's Fourth Amended Complaint without leave to amend,'' which is not appealable, rather

than from the judgment of dismissal which followed such order. However the "Notice to Clerk on Appeal" correctly refers to "plaintiff's appeal from the judgment upon the order . . . sustaining defendant's demurrer," and the appeal may be so considered.

The judgment of dismissal is affirmed.

White, P. J., and Drapeau, J., concurred.