[Civ. No. 22196.   Second Dist., Div. One.   June 24, 1957.]

JOHN EARL HASKINS, Respondent, v. LEWIS J. CRUMLEY et al., Appellants.

Walter W. Faner for Appellants.

Howard W. Hunter for Respondent.

DRAPEAU, J. pro tem.*—Respondent in this case moves to strike appellants' opening brief, and to dismiss the appeal. The motion is made upon the ground that appellants have not complied with rules 4(b), 13 and 15(a), Rules on Appeal.

The motion under rule 4(b) is made because appellants designated portions only of the proceedings on the trial to be transcribed by the reporter, and failed to state in their notice of appeal the points upon which they rely.

In opposition to the motion appellants say that the testimony ordered reported is all that there is upon the specific points they urge on appeal. This, however, doesn't satisfy the rule, and as the appeal is predicated upon the assertion that the evidence does not support the findings, it will be necessary for this court to have the reporter's transcript of all of the evidence in the case.

This ruling is made upon the following statement in respondent's notice of motion to strike:

"In this case appellants have appealed from only a portion of the judgment, and the Court Reporter was instructed to transcribe only the oral proceedings directly connected with that portion of the judgment appealed from, consequently much of the testimony of witnesses have not been transcribed and there is no stipulation concerning the transcribing of only a portion of the testimony of witnesses.

"The supporting evidence relevant for a finding may be included in the testimony of the witness which was not transcribed.

"It is obvious, therefore, that the appellate tribunal cannot determine the sufficiency of any finding as to whether or not said finding is supported by the evidence unless the whole of the testimony of the witness is before the court."

While rules on appeal are essential to orderly conduct

*Assigned by Chairman of Judicial Council.

of the work of appellate courts, and will be enforced whenever necessary, the policy of our law is to favor if possible hearings on appeal upon their merits. (*Lundy* v. *Lakin*, 89 Cal. App.2d 849, 852 [202 P.2d 369] ; *Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426 [156 P.2d 969].)

Appellants will, therefore, be permitted to perfect their appeal.

It is therefore ordered that if appellants, within 10 days from and after the filing of this opinion, shall make arrangements with and compensate the official superior court reporter for the preparation of a transcript containing all of the testimony not transcribed in the partial reporter's transcript herein, and upon receipt by this court of said reporter's acknowledgment of the aforesaid fees, or of other arrangements made with him by appellants for the preparation of such additional transcript, then, and in that event, the motion to strike appellants' opening brief and to dismiss the appeal will be denied. Otherwise, the motion to dismiss the appeal will be granted without further hearing.

White, P. J., and Fourt, J., concurred.