333 P.2d 18]

[S. F. No. 20056. In Bank. Dec. 12, 1958.]

MANUEL SILVA et al., Respondents, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Appellants.

Edmund G. Brown, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Appellants.

Golden & Stefan, Theodore Golden, Robert N. Stefan and J. Bruce Fratis for Respondents.

SHENK, J.—This is an appeal from a judgment of the Superior Court, Alameda County, ordering a writ of mandate directing the respondent board to set aside an order dismissing appeals from decisions of the department and to consider an application for relief from an alleged clerical or inadvertent error in the preparation of a notice of appeal from decisions of the department.

A similar question was involved in *Pesce v. Department of Alcoholic Beverage Control,* this day decided (*ante,* p. 310 [333 P.2d 15]).

On October 18, 1956, the department rendered two separately numbered decisions in file 42022. In the first, numbered 9560, the petitioners' wine and beer license was ordered revoked for violation of section 25601 of the Alcoholic Beverage Control Act. In the second, numbered 1166, the license was suspended for fifteen days for violation of section 25658 of the Alcoholic Beverage Control Act. The decisions were

mailed to the licensees on October 18, 1956, and received by them at their place of business on October 19, 1956. On November 28, 1956, the forty-first day after notice of the department's decisions was mailed to the licensees, the licensees delivered a notice of appeal to the board. The notice stated that an appeal was taken from the decision of the department in the proceeding numbered "file no. 4202, reg. no. 1166." It thus appears that the notice of appeal incorrectly designated the file number and referred only to the proceeding in which the petitioners' license was suspended for 15 days. On January 16, 1957, the licensees filed a "Correction and Clarification of Notice of Appeal." They alleged that their failure to properly identify the file number and to include in the notice of appeal the number of the proceeding in which their license was revoked was the result of typographical error and inadvertence.

The superior court ordered the board to set aside its order dismissing the appeals in both proceedings; to hear and determine the suspension order in number 1166 on its merits; to hear and determine the application for relief from the alleged inadvertence in omitting number 9560 from the caption of the notice of appeal, and to hear that appeal on the merits if such relief be granted.

The dismissal was based on the ground that the notice of appeal was not filed within the forty day period prescribed by section 23081 of the Business and Professions Code. The licensees contend that the period prescribed by that section for taking an appeal from a decision of the department is subject to the provisions of section 1013 of the Code of Civil Procedure for the reason that the notice of the department's decision was served upon them by mail, and as extended, the notice of appeal was timely. In *Pesce* v. *Department of Alcoholic Beverage Control, supra,* it was held that those sections should be read together. Under such a construction the notice herein was given within the time provided by law.

The judgment is affirmed.

Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.

Gibson, C. J., and Traynor, J., dissented.

Appellants' petition for a rehearing was denied January 7, 1959. Gibson, C. J., and Traynor, J., were of the opinion that the petition should be granted.