DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Appellant.

786

Charles P. Just, Chief Counsel, Alcoholic Beverage Control Appeals Board, for Appellant.

Stanley Mosk, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

VALLÉE, J.—The Department of Alcoholic Beverage Control filed an accusation against the Hallwell Company, a corporation, charging violation of section 25602 of the Business and Professions Code. A hearing was held and the hearing officer recommended a 15-day suspension of Hallwell's general on-sale liquor license. The department adopted the hearing officer's recommendation, and the decision of the department was mailed to Hallwell by certified mail on October 3, 1957.

On October 29, 1957, Hallwell mailed a letter to the department in Sacramento which stated that it was enclosing two copies of the following documents: 1. Request for reconsideration of decision; 2. Request for hearing before the director of the department; 3. Notice of appeal of said decision. The letter also said:

"I talked to Mr. Green, attorney for your local office, and he advised me the law states that my clients have thirty days to petition for reconsideration of the decision, and forty days in which to file an appeal from the date of the decision; but that these two dates run concurrently. But I hope and trust that the herewith Notice of Appeal will not preclude a careful reconsideration of the hearing officer's decision."

The letter with enclosures was received and filed by the department on October 31, 1957.

Only one document was enclosed with the letter. In the first paragraph this document states that Hallwell "petitions for reconsideration of the proposed decision. . . ." The second paragraph reads in part: "Said request for reconsideration shall be based upon the following grounds:[1] . . . 6. That in behalf of said Licensee a NOTICE OF APPEAL is filed herewith."

---

[1]The grounds stated were: "1. That the findings of the said Hearing Officer are contrary to the facts developed at the said hearing on September 25th, 1957;

"2. That said hearing record reflects the uncontradicted statement of

The department denied the petition for reconsideration and so notified Hallwell by certified mail on November 5, 1957. On November 18, 1957, Hallwell mailed a letter to the appeals board which included a copy of the petition for reconsideration previously filed with the department. These documents were received by the board on November 19, 1957, and on the same day the board sent the attorney for Hallwell a letter, which reads:

"Your communication of November 18, 1957, together with documents dated October 29, 1957, have been received. The documents have been assigned file number AB-849.

"Your motion to have this Board consider said documents as a notice of Appeal is placed on the calendar for oral argument on December 11, 1957, at 2:00 p.m. in Room 918, Mirror Building, Second and Spring Streets, Los Angeles, California."

On December 11, 1957, a hearing was held. The board rendered its decision on April 4, 1958, determining that the documents filed by Hallwell with the department on October 29, 1957, constituted a valid notice of appeal and that the appeal was timely.[2]

The department petitioned the superior court for a writ of prohibition to prevent the board from considering Hallwell's appeal. The parties stipulated it was the policy of the board to consider appeals mailed to the department as received by and filed with the appeals board on the date the appeals are

---

the bartender that he furnished the bottle of beer in question to one Joe Fontes, a customer, and not to the alleged customer Rosemary McAulay;

"3. That the said Rosemary McAulay was well known to the bartender because he had refused her drinks on several occasions previously on the same date;

"4. That the said charge herein, namely having furnished an alcoholic beverage to someone obviously intoxicated, was dismissed by the City of Los Angeles in People vs. Morrie Dalliner, case No. 65659;

"5. That in behalf of the Licensee, a hearing is requested personally before the Honorable Russell S. Munro, Director of the Department of Alcoholic Beverage Control, at a time and place to be set by him."

[2]The decision of the board reads: "The motion of the Appeals Board to determine whether certain documents filed by the appellant constituted an appeal from the decision of the Department came on for oral argument on December 11, 1957, at 2:00 p.m in Room 918, Mirror Building, Second and Spring Streets, Los Angeles, California.

"By letter dated October 29, 1957, the attorney for The Hallwell Company mailed a document to the Department of Alcoholic Beverage Control which requested a reconsideration of a fifteen day suspension and the last paragraph thereof recited that the licensee appealed from said decision. The transmittal letter of this document recited that the matters transmitted were (1) request for reconsideration (2) request for

received by the department, and all appeals received by the department within 40 days from the date the decisions of the department are mailed to the parties are heard by the appeals board on their merits.

After a hearing the court found the above facts to be true and that Hallwell did not prepare a notice of appeal in writing stating the grounds on which the review from the decision of the department was sought and did not file such a document with the board within 40 days from the date the decision of the department was mailed; Hallwell did not mail a copy of such document to the department; Hallwell did not request the department to prepare a transcript of the administrative proceedings or offer to pay or pay the costs thereof. The court concluded the department was not and is not an agency of the board for the purpose of accepting service of documents or receiving and filing appeals; Hallwell failed to file an appeal with the board as provided in section 23081 of the Business and Professions Code. Judgment followed, ordering that a writ issue prohibiting the board from hearing and deciding "the appeal." The board appeals.

The board contends: 1. The documents filed by Hallwell constituted a notice of appeal. 2. The policy and rule of the board that a notice of appeal forwarded to the department is deemed filed with the board is a valid exercise of the powers vested in the board. 3. The petition for a writ of prohibition is premature; the department has not exhausted its administrative remedies and is not aggrieved by the decision of the board.

We have no doubt that the documents filed by Hallwell with the department constituted a valid notice of appeal. The first document, a letter, gave the number of the proceeding and stated there was enclosed a "Notice of Appeal of said decision." The letter stated Hallwell had 40 days in which

a hearing before the Director and (3) Notice of Appeal from said decision. The transmittal letter also recited that it was hoped that the 'herewith Notice of Appeal will not preclude a careful reconsideration of the hearing officer's decision.'

: "We have concluded that the document constitutes a Notice of Appeal to this Board, and that the appeal is timely. An interpretation of the document and the transmittal letter indicates that the appellant combined in one document a Petition for Reconsideration and a Notice of Appeal. While this procedure is confusing and not recommended, the policy of the law is that Notices of Appeal should be liberally construed to the end that litigants may have their appeals heard on the merits. Appellant is instructed to request the Department for preparation of transcript."

to file an appeal from the date of the decision, and "I hope and trust that the herewith Notice of Appeal will not preclude a careful reconsideration of the hearing officer's decision." The document enclosed with the letter stated "That in behalf of said Licensee a NOTICE OF APPEAL is filed herewith." The documents unmistakably referred to the appealable decision of the department and in effect stated that Hallwell appeals therefrom. ■ A notice of appeal is to be construed liberally so as to preserve the right of appeal. (3 Cal.Jur.2d 668, § 182.) The rules on appeal provide, "A notice of appeal shall be liberally construed in favor of its sufficiency." (Rules on Appeal, rule 1.) ■ The policy of the law favors the preservation of the right of appeal and the hearing of appeals on their merits. (*Pesce* v. *Department Alcoholic Bev. Control*, 51 Cal.2d 310, 313 [333 P.2d 15].) ■ Applying these elementary rules of law, we are of the opinion the documents filed with the department constituted a notice of appeal from its decision and that the board correctly so decided. (*Cf. Estate of Damke*, 133 Cal. 433, 434 [65 P. 888]; *Adams* v. *Talbott*, 20 Cal.2d 415, 417 [126 P.2d 347]; *Nelson* v. *Angel*, 94 Cal.App.2d 136, 139 [210 P.2d 256]; *Crane* v. *Livingston*, 98 Cal.App.2d 699, 702 [220 P.2d 744]; *Karrell* v. *Watson*, 116 Cal.App.2d 769, 772 [254 P.2d 651, 255 P.2d 464], in which it is said that the right of a litigant to have the record of his cause reviewed by an appellate court is "sacred.")

A comparable situation was before the court in *Kellett* v. *Marvel*, 6 Cal.2d 464 [58 P.2d 649]. There were three judgments in cases numbered D-57350, D-92871, and 306434. The notice of appeal was entitled and filed in D-57350. It specified the appeal was taken from the order denying the plaintiff's motion to resist the defendant's motion for a final decree "entered and rendered . . . on the 19th day of March, 1931, and entered in Book 787, page 112, on the 27th day of March, 1931." The order was actually made on March 26. No order was made on March 19, 1931. The date, book, and page of entry recited in the notice of appeal were those of the final judgment in number D-57350. No notice of appeal was filed in D-92871 or in 306434. Construing the notice of appeal as from the final judgment in D-57350 and from the judgments in D-92871 and 306434, the court stated (p. 472):

"While it is true that the filing of a notice of appeal is a jurisdictional requirement and cannot be waived, the absence of prejudice and the efficacy of the things done to give notice

to the other party that the appeal has been taken may be considered in determining whether there has been a sufficient compliance with the requirement of section 940 of the Code of Civil Procedure that a notice stating the appeal from the judgment or order be filed with the clerk of the court in which the judgment or order is entered. . . . Under the circumstances, where all the cases were consolidated, if only for the purpose of trial, and are bound to be considered together upon appeal, if only for the reason that the evidence taken applied to all, the entry in the register under the number of each case with a reference to the place where the notice itself was to be found in the files, can have resulted in no prejudice to the respondent and must be considered a substantial compliance with the requirement that the notice of appeal be filed in each case. Any other conclusion would be out of line with the rule of liberal construction of notice of appeal where the imperfections have not misled or prejudiced the respondent.''

The next question is whether filing the notice of appeal with the department constituted filing with the board under the latter's policy to consider appeals mailed to the department as received by and filed with it on the date the notices of appeal are received by the department, and that all notices of appeal received by the department within 40 days[3] from the date the decisions of the department are mailed to the parties are heard by the board. If this question is answered in the affirmative, the appeal was timely; if it is answered in the negative, the appeal was not timely.

Section 23077 of the Business and Professions Code provides that the appeals board ''may adopt such rules pertaining to appeals and other matters within its jurisdiction as may be required.'' Section 23081 reads: ''Within 40 days after the decision of the department is delivered or mailed to the parties, any party aggrieved by a final decision of the department may appeal to the board from such decision. The appeal shall be in writing and shall state the grounds upon which a review is sought. A copy of the appeal shall be mailed by the appellant to each party who appeared in the proceeding before the department, including the department which shall thereafter be treated in all respects as a party to the appeal.''

---

[3] The 40-day period is extended by the time allowed under section 1013 of the Code of Civil Procedure. (*Pesce* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 310 [333 P.2d 15]; *Silva* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 885 [333 P.2d 18].)

The board has adopted as part of its administrative code rules governing appeals the following: "183. Preparation and Filing of Record. At least 20 days before the last day upon which an aggrieved party may file an appeal with the board or at the time of filing an appeal, if such date occurs first, the appellant shall request the department to prepare the transcript and the record of all the proceedings before the department. . . ." (Cal. Admin. Code, tit. 4, ch. 1.1.)

█ "It is true that an administrative agency may not, under the guise of its rule making power, abridge or enlarge its authority or exceed the powers given to it by the statute, the source of its power. [Citations.] However, 'the authority of an administrative board or officer, . . . to adopt reasonable rules and regulations which are deemed necessary to the due and efficient exercise of the powers expressly granted cannot be questioned. This authority is implied from the power granted.' " (*California Drive-in Restaurant Assn.* v. *Clark*, 22 Cal.2d 287, 302-303 [140 P.2d 657, 147 A.L.R. 1028].)

█ " 'Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . . Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere.' [Citations.] 'To narrowly proscribe the rule-making power of the [board] . . . would be to overlook one of the fundamental purposes of the policy of delegation of powers and to deprive the Legislature and the people of the state of one of the major benefits thereof. The essentials of the legislative function are the determination and formulation of the legislative policy. Generally speaking, attainment of the ends, including how and by what means they are to be achieved, may constitutionally be left in the hands of others. █ The Legislature may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the "power to fill up the details" by prescribing administrative rules and regulations to promote the purposes of the legislation and to carry it into effect, and provision by the Legislature that such rules and regulations shall have the force, effect, and sanction of law does not violate the constitutional inhibition against delegating the legislative function.' " (*Nelson* v. *Dean*, 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467].)

█ "Administrative rules and regulations are presumed to be reasonable in the absence of proof to the contrary and courts will not substitute their judgment for that of the

administrative agency unless it is clearly shown that the regulation is so unreasonable as to be arbitrary or capricious, or in excess of the authority vested in the agency." (*Bess* v. *Park*, 144 Cal.App.2d 798, 804 [301 P.2d 978].)

In *Silva* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 885 [333 P.2d 18], the department rendered two decisions: one numbered 9560 which ordered a license revoked; the other numbered 1166 which suspended the license for 15 days. The decisions were mailed to the licensees on October 18, 1956. On November 28, 1956, the 41st day after notice of the department's decisions were mailed to the licensees, the licensees delivered a notice of appeal to the board. The notice stated that an appeal was taken from the decision in number 1166. On January 16, 1957, some three months after the department mailed its decision in Number 9560, the licensees filed a "Correction and Clarification of Notice of Appeal." They alleged failure to include in the notice of appeal the number 9560, in which proceeding their license was revoked, was the result of a typographical error and inadvertence. The board dismissed the appeals. "The superior court ordered the board to set aside its order dismissing the appeals in both proceedings; to hear and determine the suspension order in number 1166 on its merits; to hear and determine the application for relief from the alleged inadvertence in omitting number 9560 from the caption of the notice of appeal, and to hear that appeal on the merits if such relief be granted." On appeal the court held that section 1013 of the Code of Civil Procedure and section 23081 of the Business and Professions Code are to be read together, and under such construction the notice of appeal was timely. The judgment was affirmed. Implicit in affirmance of the judgment is a ruling that the board had the power to hear and determine whether the omission of Number 9560 from the notice of appeal was inadvertent and, if it did so determine, to hear the appeal from that decision on the merits.

That the controverted policy of the board is a reasonable one to carry out the functions of the board seems clear. The filing of the notice of appeal gives the board jurisdiction. (3 Witkin, California Procedure, 2287, § 114.) Section 23081 does not say that the notice of appeal shall be filed with the board. It says that "any person aggrieved by a final decision of the department may appeal to the board from such decision." Section 23081 expressly provides, "A copy of the

appeal shall be mailed by the appellant to each party who appeared in the proceeding before the department, including the department which shall thereafter be treated in all respects as a party to the appeal." There is no requirement that the notice of appeal be filed with the board in the sense used in connection with appeals from the superior court to the Supreme Court or to a District Court of Appeal in which the notice must be filed with the court from which the appeal is taken. The section is silent in this respect. The procedure being partially, if not completely, absent, a construction should be adopted which allows the filing of an appeal, not one which precludes the hearing of an appeal on the merits.

The policy of the board is not contrary to any of the provisions of the Constitution creating the board and prescribing its powers and duties or with any of the provisions of the enabling legislation. On the contrary, the policy conforms to the general rule that appeals should be heard on the merits whenever possible.[4] Formerly the board of equalization administered the Alcoholic Beverage Control Act. Recently, by constitutional amendme.. , the powers formerly exercised by the board of equalization were vested in the department, and the appeals board was created. (Const., art. XX, § 22.) The board is one of the first state administrative appellate agencies. Generally the law requires that notices of appeal be filed with the court from which the appeal is taken. Confusion has naturally resulted from the requirement that in the case of an appeal to an administrative appellate agency the notice must be filed with the appellate agency rather than with the agency from which the appeal is taken.[5] An appeal merely taken to the wrong reviewing court is transferred by that court, not dismissed. (*Gore* v. *Bingaman*, 20 Cal.2d 118, 124 [124 P.2d 17].) There is nothing in the law to prevent the board from transferring and entertaining an appeal where the notice is sent to the department.

 The department asserts the board did not acquire jurisdiction because the notice of appeal did not state the grounds on which a review was sought and because no transcript had been requested. Compliance with these provisions is not jurisdictional. These requirements are in the same category as the provisions of the rules on appeal with respect

---

[4] See 3 Op. Atty. Gen. 189.

[5] An appeal to the California Unemployment Insurance Appeals Board may be delivered or mailed to the principal office of the appeals board, to an area referee office, or to an office of the department of employment. (Cal. Adm. Code, tit. 22, §§ 6001, 6004.)

to the preparation of the record on appeal and the time limitations for obtaining the record, which provisions and time limitations are not jurisdictional. (3 Witkin, California Procedure, 2308, § 132; 17 So.Cal.L.Rev. 290. *Cf. Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102, 127-129 [251 P.2d 955].) The board may dismiss an appeal for failure to comply with these requirements or it may grant relief for good cause, as it did in the present case. (*Cf. Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426 [156 P.2d 969]; *Haskins* v. *Crumley*, 152 Cal. App.2d 64 [312 P.2d 276].) Furthermore, the board may reasonably consider the grounds stated in the petition for reconsideration in which the notice of appeal was incorporated as the grounds of appeal.

In view of our conclusion, it is unnecessary to consider the board's further contention that the department has not exhausted its administrative remedies and is not aggrieved by the decision of the board.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.