SPEECH PATHOLOGY AND AUDIOLOGY — FEES Title 59 O.S. 601 [59-601] through 59 O.S. 1623 [59-1623] (1973), does not authorize the charging of fees as promulgated under Article IV, subsections 3 and 4 of the Rules of the State Board of Examiners for Speech Pathology and Audiology. The Attorney General's office is in receipt of your opinion request wherein you ask, in effect, the following question: Does the Speech Pathology and Audiology Licensure Act, 59 O.S. 1601 [59-1601] — 59 O.S. 1623 [59-1623] (1973), authorize the charging of fees as promulgated under Article IV, subsections 3 and 4 of the Rules and Regulations as adopted by the Board? Title 59 O.S. 1615 [59-1615] (1973) sets forth the authority for licenses and fees. Section 1615 states: "An applicant who meets the requirements for licensure, as provided in this act, the fee shall be licensed by the Board as a speech pathologist and/or audiologist. The licensing fee and the annual renewal fee shall be an amount fixed by the Board. These may not be refunded to applicants or licensees under any circumstances. The Board shall fix the amount of the fee so that the total fees collected will be sufficient to meet the expenses of administering this act, and so that unnecessary surpluses in the speech pathology and audiology licensing fund are avoided. However, the Board may not fix a license fee or renewal fee in excess of Fifty Dollars ($50.00). The fee for issuance of a license issued to replace one that is lost, destroyed, mutilated or revoked shall not be in excess of Ten Dollars ($10.00); and said fee shall accompany the application for a replacement license." Article IV, subsections 3 and 4 of the Rules for the State Board of Examiners for Speech Pathology and Audiology state: "3. The fee for each person fulfilling the supervised clinical experience required by Title 59 O.S. 1605 [59-1605] (1973); subsection 4 under the supervision of a licensed speech pathologist and/or audiologist, as specified in Article V of these rules, shall be Fifty Dollars ($50.00) each year. This fee shall be submitted with the application and the letters of agreement available from the Board. The fee for each additional year of authorization shall also be Fifty Dollars ($50.00) and shall be due on the anniversary date of approval. Authorization shall be reviewed annually by the Board. "4. The fee for each person authorized to assist a licensed speech pathologist or audiologist practicing under this act (Title 59, O.S., 1973, Supp., 1604; subsection 4) shall be Fifty Dollars ($50.00) each year. This fee shall be submitted with the letters of agreement and the application to assist available from the Board. The fee for each additional year of authorization shall also be Fifty Dollars ($50.00) and shall be due on the anniversary date of approval. Authorization shall be reviewed annually by the Board." Therefore, the determinative issue is whether Section 59 O.S. 1615 [59-1615], the only section of the act speaking to the question of fees, authorizes the Board to set a fee structure for other than the fee for licensing a speech pathologist and/or audiologist and for a renewal fee. Section 59 O.S. 1613 [59-1613] of the act authorizes the Board to adopt rules not inconsistent with the constitution or laws of the State. Generally, when a rule or regulation is adopted and such rule conflicts with the statute granting said authority, the courts follow the rule as stated in Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board, 338 P.2d 50 (Cal. 1959) wherein the Court stated: "It is true that an administrative agency may not, under the guise of this rule making power, abridge or enlarge the authority or exceed the powers given to it by statute, the source of its power." Here, it is apparent that the Legislature has intended that the only fees contemplated are those set forth in Section 1615 and specifically pertaining to the licensing fee for speech pathologists and/or audiologists. No fee is contemplated by Title 59 for either a person fulfilling the supervised clinical experience as required by Section 1605, subsection 4 or for an assistant as provided in Section 1604, subsection 4. Further, applying the rule of "expressio unius est exclusio alterius", Spiers v. Magnolia Petroleum Company, 244 P.2d 852 (1951) by specifically requiring a fee for licensing of a speech pathologist and/or audiologist, and not requiring the same for individuals covered under Section 1604 and Section 1605 of this specific act, the Legislature did not intend to require a fee from those persons. Of closer application to this specific question is the case of Application of State Board of Medical Examiners, 206 P.2d 211 (1949), when the Court held that the Medical Board went beyond the scope of its statutory authority by enacting a rule which required that an applicant possess certain qualifications that were not set forth nor required by statute. Under the statute, the possession of a diploma from a Grade A school was not a condition precedent to being permitted to take an exam, but under the rule, that condition was required. In this respect the Court stated: "The only question of discretion on the part of the medical board as pertains to that with which it is endowed in promulgating its rules, the effect of which as law must rest upon the fact that they are in aid of and not in derogation of the legislative purpose. 42 Am.Jur. 380, 69, and P. 353, 49; Layman v. State Employment Commission,167 Ore. 379, 117 P.2d 974." Further, the Court stated: "The authority to make rules and regulations is given, but no power is conferred or attempted to be conferred upon the commission to give the rules and regulations the force and effect of a law. Whatever force and effect the rule has, it is derived entirely from the statute. No authority is given to change the law in any way. Authority to make rules for the complete lawful operation of the statute is all that is given." On the basis of the foregoing authorities, it is clear that the Board may not expand the statute by seeking fees for other than those individuals contemplated in Section 59 O.S. 1615 [59-1615] of Title 59 and that those rules adopted by the Board in derogation of the statute have no force and effect. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that 59 O.S. 1601 [59-1601] through 1623 (1973), does not authorize the charging of fees as promulgated under Article IV, subsections 3 and 4 of the Rules of the State Board of Examiners for Speech Pathology and Audiology. (Donald B. Nevard)