BOARD OF EXAMINERS FOR SPEECH — PATHOLOGY AND AUDIOLOGY — RULES The State Board of Examiners for Speech Pathology and Audiology does have authority to establish rules and regulations governing the individuals described in Section 59 O.S. 1604 [59-1604](3), subsection 3, of Title 59, when those rules and regulations are in aid of and not in derogation of the law and legislative purpose for which that statute was promulgated. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Does the State Board of Examiners for Speech Pathology and Audiology have permission to establish rules governing individuals described in Section 1604, subsection 3 of Title 59? 2. Are the individuals described in Section 1604, subsection 3 of Title 59, exempted from the rules of the Board, except for the title limitations defined in the Statute? Title 59 O.S. 1604 [59-1604] (1974), states: "After the first day of January, 1974, no person shall practice speech pathology or audiology unless he is licensed under this act, except that nothing in this act shall be construed to prevent: "3. The activities and services of a person who is fulfilling the supervised clinical experience required in subsection 4 of Section 5 of this act, or of a student, intern or resident in speech pathology and/or audiology, pursuing a course of study at an accredited university or college, or working in a training center recognized by his accredited university or college, if these activities and services constitute a part of his supervised course of study, and if such person is designated by such title as 'speech pathology intern,' 'speech pathology trainee,' 'audiology intern,' 'audiology trainee' or other such title clearly indicating the training status appropriate to his level of training; . . ." The activities and services of a person who is fulfilling the supervised clinical experience as set forth above is contained in Section 59 O.S. 1605 [59-1605] (1971), subparagraph 4, which section generally provides that an individual must submit evidence of no less than nine months experience in an area for which his license is requested, and that the supervision must be provided by a licensed individual in that area and the time requirements necessary for fulfilling that clinical experience. Section 59 O.S. 1613 [59-1613] of the act provides that the Board, in addition to the other duties and powers granted to it, may promulgate rules that are reasonably necessary to conduct its proceedings under this act. Section 59 O.S. 1602 [59-1602] of the act sets forth the purpose as follows: "It is hereby declared to be the policy of this state that, in order to safeguard the public health, safety and welfare, and to protect the public from being misled by incompetent, unscrupulous and unqualified persons, it is necessary to provide regulatory authority over persons offering speech pathology and audiology services to the public." With regard to your first question of whether the Board can establish rules governing individuals described in Section 59 O.S. 1604 [59-1604], subsection 3 above, and other than title limitations as contained in that section generally follow the rules set forth in Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board, 338 P.2d 50 (1959), wherein the Court stated: "It is true that an administrative agency may not, under the guise of this rule making power, abridge or enlarge its authority or exceed the powers given to it by statute, the source of its power. . . ." In addition, in the case of Application of State Board of Medical Examiners,206 P.2d 211 (1949), where the Court states: "The only question of discretion on the part of the Medical Board appertains to that with which it is endowed in promulgating its rules, the effect of which as law must rest upon the fact that they are in aid of and not in derogation of the legislative purpose. . . ." It, therefore, must be determined whether the rules and regulations promulgated by the Board pertaining to individuals performing and fulfilling the supervised clinical experience are in aid of rather than in violation of the statutes from which their authority is derived. The rules pertaining to individuals performing and fulfilling the services of a supervised clinical experience as set forth in Section 1604, subparagraph 3, are contained in Article V of the rules and regulations as promulgated by the Board. Section 1 of the rules and regulations is a direct statement of law. Section 2 of the rules and regulations states that an applicant may not hold himself out as an independent practitioner and that preparation or distribution of announcements are deemed to be in violation of his authorization to practice under supervision. Considering the purpose for which this act was promulgated, it is clear that this provision is consistent with and is in aid of the purpose of said act and further does not enlarge or modify the law in any manner. Section 3 of the rules and regulations is administrative in character and does not in any manner affect or change the law. Section 4 of the rules and regulations is also administrative in character by requiring a one year authorization and further extensions thereof so that the Board may keep track of individuals performing the supervised clinical experience. Section 5 of the rules and regulations is consistent with the law by requiring authorizations from a licensed speech pathologist or audiologist in the area in which the applicant seeks licensure. Title 59 O.S. 1605 [59-1605] (1974), states that supervision must be provided by individuals licensed or qualified in the appropriate area. It is, therefore, clear that these two sections are consistent with each other. Section 6 of the rules and regulations is administrative in character and does not enlarge or modify the law. Section 7 of the rules and regulations stating that the applicant for private practice under supervision must practice in a geographic setting which permits direct on-site supervision by a licensed speech pathologist or audiologist is consistent with the law in assuring that an individual is supervised and also when considering the purpose for which the act was promulgated. It is, therefore, clear that in answer to your first question, the Board has authorization to establish rules governing the individuals set forth in Section 59 O.S. 1604 [59-1604](3) of Title 59, when those rules and regulations are in aid of the statute and not in derogation thereof. Further, that the rules and regulations pertaining to individuals involved in the supervised clinical experience are consistent with the case law and the statutes setting forth the authority of the Board to make rules and regulations thereto. It is also clear that because we have answered your first question, there is no necessity for answering your second question. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that the State Board of Examiners for Speech Pathology and Audiology does have authority to establish rules and regulations governing the individuals described in Section 59 O.S. 1604 [59-1604], subsection 3, of Title 59, when those rules and regulations are in aid of and not in derogation of the law and legislative purpose for which that statute was promulgated. Further, that by answering your first question, there is no necessity for answering your second question. (Donald B. Nevard)